*Revised: March 8, 2018*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------×

NANHUA JIN,

        *Plaintiff,*

      v.

DATADOG, INC., JAMES KRIEGER, TRISTAN
RATCHFORD, REID HORTON, MUHAN GUCLU, and
FABIEN HERVE,

        *Defendants.*

-------------------------------------------------------------------------×

<u>**24-CV-10047-DEH-OTW**</u>

<u>**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on April 1, 2025 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1.     **Summary of Claims, Defenses, and Relevant Issues**

<u>**Plaintiff:**</u>

This is a single plaintiff employment discrimination and failure to accommodate action where an experienced Asian male software engineer (Plaintiff) suffered abuse and hostile work environment in a White  boy's club group at work.  After disclosure of various vision and mental health conditions, and applying for short term disability, Plaintiff was terminated.

<u>**Defendant:**</u>

Littler currently represents Datadog, Inc., James Keiger (incorrectly named as "Krieger"), Tristan Ratchford, Reid Horton, and Muhan Guclu ("Represented Defendants"). The Represented Defendants deny all allegations contained in the Complaint. Plaintiff was not discriminated against in any way and was terminated for legitimate performance concerns.

2.     **Basis of Subject Matter Jurisdiction:** The Court has subject matter jurisdiction as this matter includes federal claims under Title VII and ADA.

*Revised: March 8, 2018*

3.       **Subjects on Which Discovery May Be Needed**

Plaintiff:

Generic discovery will be required on performance, termination, comparative evaluation of other preferred candidates, pattern and practice discrimination, assignment to a hostile team, fairness in evaluation of projects (again also compared to other team members), the application of the PIP process to Plaintiff, disclosure of health conditions, and application of short-term disability prior to termination.

Defendant:

Plaintiff's employment with Datadog, Inc., his claims of discrimination, Plaintiff's alleged damages, including but not limited to Plaintiff's new employment and mitigation efforts, Plaintiff's claims of emotional distress and related damages, including medical records.

4.       **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on May 16, 2025. In addition, on June 16, 2025, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on May 16, 2025. In addition, on June 16, 2025, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5.       **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a.       All fact discovery must be completed by April 1, 2026.

b.       The parties are to conduct discovery in accordance with the Federal Rules

2

*Revised: March 8, 2018*

of Civil Procedure and the Local Rules of the Southern District of New York. The following

interim deadlines may be extended by the parties on consent without application to the Court,

provided that the parties meet the deadline for completing fact discovery set forth in 3(a)

above.

> i. <u>Depositions</u>: Depositions shall be completed by <u>February 15, 2026</u> and limited to no more than <u>7</u> depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

> ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>July 31, 2025</u>. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

> iii. <u>Requests for Admission</u>: Requests for admission must be served on or before <u>July 31, 2025</u>.

> iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>July 31, 2025</u> and responses shall be due on <u>September 14, 2025</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

> v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on

discovery? Describe.

Parties may file motions on disputes.

7. **Amendments to Pleadings**

> a. Are there any amendments to pleadings anticipated? <u>No</u>

> b. Last date to amend the Complaint: <u>May 1, 2025</u>

*Revised: March 8, 2018*

8.      **Expert Witness Disclosures**

At this time, the parties do, **do not** (circle one) anticipate utilizing experts.  Expert

discovery shall be completed by June 30, 2026. The Represented Defendants reserve the right

to retain an expert should Plaintiff do so._____.

9.      **Electronic Discovery and Preservation of Documents and Information**

   a.      Have the parties discussed electronic discovery?  <u>Yes</u>

   b.      Is there an electronic discovery protocol in place?  If not, when the

parties except to have one in place?  <u>May 15, 2025</u>

   c.      Are there issues the parties would like to address concerning

preservation of evidence and/or electronic discovery at the Initial Case Management

Conference?

_____No_____

_____

10.     **Anticipated Motions**

_____

_____

_____

11.     **Early Settlement or Resolution**

The parties have/**have not** (circle one) discussed the possibility of settlement.  The parties

request a settlement conference by no later than <u>March 1, 2026</u>.  The following

information is needed before settlement can be discussed:

<u>Plaintiff will agree to mediation subject to mediation disclosures under Judge Preska's Second Amended Standing Administrative Order M10-468. Represented Defendants request to be referred to SDNY mediation program. From the Represented Defendants, information related to new employment, including but not limited to self-employment, and mitigation is needed. The</u>

*Revised: March 8, 2018*

Represented Defendants reserve the right to identify additional documents necessary to facilitate resolution discussions.

12. **Trial**

a. The parties anticipate that this case will be ready for trial by September 1, 2026.

b. The parties anticipate that the trial of this case will require 8 days.

c. The parties **do**/do not (circle one) consent to a trial before a Magistrate

Judge at this time.

d. The parties request a **jury**/bench (circle one) trial.

13. **Other Matters**

_____

_____

_____

Respectfully submitted this 3rd day of April, 2025.

ATTORNEYS FOR PLAINTIFF(S):

Tiffany Ma, Esq.
Young & Ma LLP
445 Park Avenue, 9th Floor
New York, NY 10022
T: 646-379-7703
F: 866-839-4306
tma@youngandma.com

ATTORNEYS FOR DEFENDANT(S):

Alina Nadir, Esq.
Littler Mendelson P.C.
900 Third Avenue
New York, NY 10022
T: 585-203-3418
F: 212-832-2719
anadir@littler.com

*Attorney for Defendants*
*DATADOG, INC., JAMES KRIEGER,*
*TRISTAN RATCHFORD, REID HORTON,*
*MUHAN GUCLU*

5