UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NANHUA JIN,

                  Plaintiff,

         v.

DATADOG, INC., JAMES KRIEGER,
TRISTAN RATCHFORD, REID HORTON,
MUHAN GUCLU, and FABIEN HERVE,

                  Defendants.

Index No. 24-cv-10047

**ANSWER**

Defendants Datadog, Inc. ("Datadog"), James Keiger (incorrectly named in the Complaint as "Krieger"), Tristan Ratchford, Reid Horton, and Muhan Guclu (collectively, "Defendants"), by their attorneys Littler Mendelson P.C.[1], for their Answer to the Complaint filed December 31, 2024, by Nanhua Jin ("Plaintiff"), respond as follows:

### RESPONSE TO PRELIMINARY STATEMENT

1.     In response to Paragraph 1 of the Complaint, Defendants state this paragraph does not require a response to the extent it contains a statement of Plaintiff's legal positions and claims rather than assertions of fact. To the extent this paragraph is intended to assert any factual allegations, Defendants deny the allegations set forth in paragraph 1 of the Complaint.

### RESPONSE TO JURISDICTION AND VENUE

2.     Paragraph 2 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     Defendants admit the allegation contained in Paragraph 3.

4.     Defendants admit that the EEOC issued a right to sue to Plaintiff but deny

---

[1]     Littler Mendelson, P.C. does not currently represent individual Defendant Fabien Herve.

knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4.

5.      Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint.

## RESPONSE TO PARTIES

7.      Defendants deny knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7.

8.      Defendants admit the allegations contained in Paragraph 8.

9.      Defendants state that James Keiger, incorrectly named as James Krieger in the Complaint, is an individual residing in New York and works for Datadog in New York.

10.     Defendants state that Paragraph 10 is duplicative of the allegations contained in Paragraph and restates its response to Paragraph 9 of the Complaint.

11.     Defendants admit that Tristan Ratchford works in New York for Datadog but denies the remaining allegations in paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14.

## RESPONSE TO STATEMENT OF FACTS

15.     Defendants deny the allegations contained in Paragraph 15.

16.     Defendants deny knowledge or information sufficient to admit or deny the

allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

## <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

**Race Discrimination and Hostile Work Environment**
**in Violation of Title VII**
**(Against Defendant Datadog)**

30. In response to the allegations referenced in Paragraph 30 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Paragraph 31of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    Paragraph 32 of the Complaint sets forth conclusions of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 32 of the Complaint.

33.    Defendants admit that Plaintiff was a Datadog employee. Defendants deny knowledge or information sufficient to admit or deny Plaintiff's identification as "Asian." Defendants state that the remaining allegations contained in Paragraph 33 set forth conclusions of law to which no response is required. If a response is required, Defendants deny the allegations in Paragraph 33 of the Complaint.

34.    Defendants deny knowledge or information sufficient to confirm or deny Plaintiff's race.

35.    Defendants deny the allegations contained in Paragraph 35.

36.    Defendants deny the allegations contained in Paragraph 36.

37.    Defendants deny the allegations contained in Paragraph 37.

38.    Defendants deny the allegations contained in Paragraph 38.

39.    Defendants deny the allegations contained in Paragraph 39.

40.    Defendants deny the allegations contained in Paragraph 40.

41.    Defendants deny the allegations contained in Paragraph 41.

**SECOND CAUSE OF ACTION**

**Disability Discrimination
in Violation of the Americans with Disabilities Act
(Against Defendant Datadog)**

42.    Paragraph 42 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Paragraph 43 of the Complaint sets forth a conclusion of law to which no response

is required.  If a response is required, Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in Paragraph 44.

45.    Defendants deny the allegations contained in Paragraph 45.

46.    Defendants deny the allegations contained in Paragraph 46.

47.    Defendants deny the allegations contained in Paragraph 47.

48.    Defendants deny the allegations contained in Paragraph 48.

49.    Defendants deny the allegations contained in Paragraph 49.

## THIRD CAUSE OF ACTION

### Race and Disability Discrimination and Hostile Work Environment
### in Violation of NYSHRL
### (Against All Defendants)

50.    In response to the allegations referenced in Paragraph 50 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.    Paragraph 51 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Paragraph 52 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54.    Defendants deny knowledge or information sufficient to confirm or deny Plaintiff's

race or disability.

55.    Defendants deny the allegations contained in Paragraph 55.

56.    Defendants deny the allegations contained in Paragraph 56.

57.    Defendants deny the allegations contained in Paragraph 57.

58.    Defendants deny the allegations contained in Paragraph 58.

59.    Paragraph 59 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in Paragraph 60.

61.    Defendants deny the allegations contained in Paragraph 61.

### FOURTH CAUSE OF ACTION

**Race and Disability Discrimination and Hostile Work Environment
in Violation of NYCHRL
(Against All Defendants)**

62.    In response to the allegations referenced in Paragraph 62 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 61 of the Complaint as if fully set forth herein.

63.    Paragraph 63 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 65 of the

Complaint.

66. Defendants deny knowledge or information sufficient to confirm or deny Plaintiff's race or whether he has a disability.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

**FIFTH CAUSE OF ACTION**

**Retaliation in Violation of Title VII**
**(Against Defendant Datadog)**
**and the NYSHRL and NYCHRL**
**(Against All Defendants)**

74. In response to the allegations referenced in Paragraph 74 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

**SIXTH CAUSE OF ACTION**

**Failure to Provide Reasonable Accommodation in Violation of ADA**
**(against Defendant Datadog)**
**and NYSHRL and NYCHRL**
**(against All Defendants)**

80.    In response to the allegations referenced in Paragraph 80 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81.    Paragraph 81 of the Complaint sets forth a conclusion of law to which no response is required.  If a response is required, Defendants deny the allegations in Paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in Paragraph 82.

83.    Defendants deny the allegations contained in Paragraph 83.

84.    Defendants deny the allegations contained in Paragraph 84.

85.    Defendants deny the allegations contained in Paragraph 85.

86.    Defendants deny the allegations contained in Paragraph 86.

87.    Defendants deny the allegations contained in Paragraph 87.

**RESPONSE TO JURY DEMAND**

88.    Paragraph 88 of the Complaint does not contain any factual allegations that Defendants may admit or deny. If a response is required, Defendants deny the allegations in Paragraph 88 of the Complaint.

The unnumbered paragraphs immediately following paragraph 88 of the Complaint and commencing with the word "WHEREFORE" states a purported demand for relief to which no response is required.  However, to the extent that any response is required, Defendants deny that Plaintiff is entitled to any judgment in his favor or any other relief.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Any and all actions taken by any of the Defendants with respect to Plaintiff and his employment were based on legitimate, non-discriminatory, non-retaliatory factors, and were made in good faith and with reasonable grounds to believe that Defendants were not violating any anti-discrimination law or statute, or any legal duty owed to Plaintiff.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that he has failed to mitigate damages allegedly sustained as a result of conduct, if any, of Defendants or, in the alternative, Defendants are entitled to an offset of damages to the extent that Plaintiff's alleged damages have been mitigated.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, comparative fault, estoppel, set-off and/or waiver.

## FIFTH DEFENSE

Punitive damages are not an available remedy under certain claims asserted in the Complaint. Moreover, the actions of Defendants were not willful or malicious and Plaintiff is not entitled to an award of punitive damages or attorney's fees.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTH DEFENSE

At all times relevant to the allegations in the Complaint, Defendants took reasonable care to prevent any discriminatory or retaliatory behavior alleged by Plaintiff.

**EIGHTH DEFENSE**

Plaintiff's own conduct and negligence was the proximate cause of any damages he allegedly sustained.

**NINTH DEFENSE**

Any alleged action or failure to act on the part of any Defendant was not the proximate cause of any injuries to Plaintiff.

**TENTH DEFENSE**

Defendants took reasonable steps to comply with the law. Plaintiff's claims are barred by the doctrine of avoidable consequences to the extent that Plaintiff failed to follow Datadog's policies and practices and use the preventative and corrective opportunities provided to him to avoid any alleged harm.

**ELEVENTH DEFENSE**

Without conceding that Defendants have the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Plaintiff cannot recover punitive damages because Defendants at all relevant times made a good faith effort to comply with all applicable laws.

**TWELFTH DEFENSE**

Upon information and belief, Plaintiff has failed to diligently mitigate any alleged damages and, therefore, is barred from receiving all or part of the relief requested in the complaint.

**THIRTEENTH DEFENSE**

Plaintiff's injuries, suffering, and damages, if any, were caused by his own conduct and not by any legal duty Defendants owed to him.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert additional defenses as such become known to

3

Defendants during the course of this action.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submits that the entire Complaint should be dismissed in its entirety on the merits and w*ith prejudice*, and that Defendants be awarded their costs incurred in defending this lawsuit, including their reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems just and proper.

Dated:  May 5, 2025

/s/ Alina Nadir

Alina Nadir
anadir@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, New York 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

*Attorneys for Defendants*

4